UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE BOLDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-2223 (CEJ) |
| CITY OF WENTZVILLE, | ) ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike affidavits submitted in support of defendant's summary judgment motion. Defendant has filed a response in opposition and the issues are fully briefed.

Plaintiff Diane Bolderson brings this action against the City of Wentzville pursuant to 42 U.S.C. § 1983, asserting a claim of unlawful retaliation in violation of the First Amendment. She also asserts a state law claim of gender discrimination under the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 *et seq*.

On August 21, 2015, defendant filed a motion for summary judgment. The exhibits filed in support of the motion include the affidavits of Amy Mixen and Douglas Lee. In the motion to strike, plaintiff argues that the affiants' affidavits contain statements that contradict their deposition testimony. Plaintiff further argues that the affidavits contain statements that are not based on the affiants' personal knowledge as required by Fed. R. Civ. P. 56(c)(4).

Plaintiff has highlighted the discrepancies between the deposition testimony and the affidavit of each witness that she believes are material and contradictory. In reviewing the motion for summary judgment, the Court will have the opportunity

to consider any differences that appear between the testimony and the affidavits. The Court will determine at that time whether the affidavits should be disregarded in whole or in part, either because they do not reflect the witnesses' personal knowledge or because they contradict the affiants' earlier testimony. *See* Popoalii v. Correctional Medical Services, 512 F.3d 488, 498 (8th Cir. 2008) (in addressing a motion for summary judgment, a court is generally required to consider an otherwise admissible affidavit, unless that affidavit contradicts previous deposition testimony); Camfield Tires, Inc. v. Michelin Tire Corp., 719 F2d 1361, 1365 (8th Cir. 1983)(an affidavit that contradicts the affiant's earlier testimony may not be employed to raise issues of credibility and will not be used by court to preclude summary judgment). Therefore, it is unnecessary to strike the affidavits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike the affidavits of Amy Mixen and Douglas Lee [Doc. #65] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2015.