UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE BOLDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-2223 (CEJ) |
| CITY OF WENTZVILLE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On November 30, 2015, the Court entered summary judgment in favor of defendant on plaintiff's claims. This matter is now before the Court on defendant's bill of costs requesting an award of $11,540.87. Plaintiff objects, arguing that granting costs would impose an extreme hardship and have a chilling effect on a plaintiff's decision to bring retaliation and discrimination claims. Alternatively, she argues that some of the costs defendant seeks are not recoverable under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d)(1).

I. **Legal Standard**

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 601 (8th Cir. 2009). The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees

under section 1923 of this title; (6) compensation of court appointed experts.

28 U.S.C. § 1920(1)-(6). The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." Cowden v. BNSF Ry. Co., 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (quoting Brisco–Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)).

## II. Discussion

### A. Financial Hardship and Chilling Effect

Plaintiff first argues that the Court should exercise its discretion to deny all costs. The presumption under Rule 54(d) is that the prevailing party is entitled to costs. Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs. Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005). Despite this presumption, however, the Court has discretion to deny costs to the prevailing party, even in the absence of misconduct by that party. Greaser v. State of Mo. Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K–Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920).

Plaintiff asserts she has a family to support and has been unable to obtain employment since she was terminated by defendant. A losing party's indigency is a factor the court should consider when determining whether to tax costs, Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003), and is a valid reason for not awarding them. Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1992). Here, however, plaintiff has not submitted a financial statement or other document to substantiate her claim of indigency. "The burden is on the losing party to show that

2

she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Tuggles v. Leroy–Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted).

Plaintiff also argues that awarding costs would have a chilling effect on others seeking to enforce their civil rights. "While taxing costs against a losing party may lead one to pause before filing a lawsuit, Rule 54(d)'s presumption nonetheless evinces a general policy in favor of the practice." Porter v. McDonough, No. CIV. 09-2536 RHK/SER, 2011 WL 821181, at *2 (D. Minn. Mar. 2, 2011) (citing Fields, 2007 WL 1702512, at *2). The Court does not believe that awarding costs in this case will have a chilling effect on potential litigants. See Pennington v. Integrity Commc'ns, Inc., No. 1:12CV5 SNLJ, 2014 WL 3400619, at *1 (E.D. Mo. July 11, 2014) (awarding costs to prevailing defendant in FLSA case).

### B. Objections to Specific Costs

Plaintiff alternatively argues that some of the costs defendant seeks are not recoverable under 28 U.S.C. § 1920. The Court addresses each argument in turn.

**Duplicative Transcript Costs:** Plaintiff objects to defendant's request for $1,295.50 in costs for videotaping her deposition, in addition to $1,587.45 for the printed transcript. Under 28 U.S.C. § 1920(2), the prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Courts in this district have determined that "use of the disjunctive 'or' indicates a party cannot recover the cost of both a stenographic and video of the same deposition." Cowden, 991 F. Supp. 2d at 1090; see also Lift Truck Lease & Service, Inc. v. Nissan Forklift Corp., North America, 4:12CV153 CAS, 2013 WL 6331578, at *2 (E.D. Mo. Dec. 5, 2013); MEMC Elec. Materials, Inc. v. Sunlight

3

Grp., Inc., No. 4:08CV535 FRB, 2012 WL 918743, at *2 (E.D. Mo. Mar. 19, 2012); ("[I]t would be contrary to § 1920's plain language to allow MEMC to recover costs for both stenographic and video costs" for depositions); Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010) (same). The Court will disallow $1,295.50 for videotaping plaintiff's deposition.

**Postage and Facsimile Transmissions:** Plaintiff objects to defendant's costs in the amount of $44.84 for postage and $9.00 for facsimile transmissions. Again, such costs are not taxable under § 1920 and will be disallowed. See Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (costs for long distance and faxed are not "exemplification and copies of papers necessarily obtained for use in the case" under 28 U.S.C. § 1920(4)); see also Sun Media Sys., Inc. v. KDSM, LLC, 587 F. Supp. 2d 1059, 1064 (S.D. Iowa 2008) (collecting cases).

**Travel Costs for Counsel:** Plaintiff objects to $1,820.51 defendant seeks in costs for attorney travel. It is well established that attorneys' travel expenses are generally not allowable costs under § 1920. See United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty Six Cents ($32,820.56) in U.S. Currency, 106 F. Supp. 3d 990 (N.D. Iowa 2015) (§ 1920 does not authorize taxation of travel expenses as costs); UNI-Sys., Inc. v. Delta Air Lines, Inc., No. CIV. 4-96-973(JRT/RL, 2002 WL 505914, at *3 (D. Minn. Mar. 28, 2002) (disallowing travel expenses).

**Mediation Costs:** Defendant seeks $1,500.00 for its share of the costs of mediation. Under the local rules of this district, each party bears its own costs of mediation. E.D. Mo. L.R. 6.03 (C)(1). Furthermore, "section 1920 does not list

mediation fees as taxable costs, and we have found no statutory authority . . . permitting the taxation of mediation fees." Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002). The Court will disallow $1,500.00 for the cost of mediation.

**Research Costs:** Defendant seeks $1,985.05 for legal research on Westlaw. These costs are generally not allowed. See Lee ex rel. Lee v. Borders, No. 4:09CV1977 TIA, 2013 WL 1316985, at *5 (E.D. Mo. Mar. 29, 2013); Transamerica Life Ins. Co. v. Lambert, No. 4:12-CV-1253 CAS, 2013 WL 328792, at *5 (E.D. Mo. Jan. 29, 2013) (disallowing Westlaw research).

**Document and Media Expenses:** Defendant seeks $242.02 for copies of EEOC files and medical records, the costs of converting audio cassettes and documents into alternate formats. These costs are not provided for under § 1920 and will be disallowed. Lee, 2013 WL 1316985 at *5.

\* \* \* \* \*

In summary, defendant is entitled to costs as follows:

Fees for printed or electronically recorded transcripts: $4,119.20
Fees for exemplification and the costs of making copies: $ 524.75

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion for a bill of costs [Doc. # 78] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against plaintiff and in favor of defendant in the amount of $4,643.95.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2016.